BENJAMIN THOMPSON *et al. versus* JOSHUA HATCH
and Trustees.

ɴe provision in *St.* 1782, *c.* 11, § 6, that pleas in abatement in the Court of Common Pleas shall be filed before the jury is empannelled, is no longer in force; and a rule of that court, that such pleas "may be filed at any time during the first four days of the return term, and not afterwards," is valid by virtue of *St.* 1820, *c.* 79, § 7.

So long as a rule of court remains unrepealed, it cannot be dispensed with in a particular case. Thus, where a plea in abatement, in consequence of misinformation from a judge of the Court of Common Pleas, was not offered until the *fifth* day of the term, and was then, by leave of the judge, filed as of the *fourth* day, the filing was held to be improper, being in contravention of the rule above recited.

The plaintiffs did not appeal from such decision of the judge, but demurred to the plea, assigning for cause, that it was filed too late; but this Court, notwithstanding the irregularity in bringing up the case, seeing upon the record produced that the plea was filed contrary to the standing rule of the court below, rejected such plea and awarded a *respondeas ouster.*

THIS action was entered in the Court of Common Pleas at January term 1826. On the 8th of February, it being the fifth day of the term, the defendant, Hatch, moved the Court, which was held by only one judge, for leave to file his plea in abatement as of the fourth day of the term ; because the judge who presided on the 30th of January, the third day of the term, gave public notice to the suitors and their counsel generally, and to the counsel for Hatch in particular, that when he should adjourn the Court, he should adjourn it to the 8th of February ; but in fact he adjourned it, without the knowledge of Hatch or his counsel, to the 2d of February, not for the purpose of proceeding with the business of the Court generally, but merely that another judge might preside on that day, and if he should judge it to be proper, might cause the defendants in an action in which the judge first mentioned was a party, to be defaulted, such action having stood open two terms and no appearance having been entered for the defendants.

This motion was granted, for the reason stated, and the plea was filed accordingly, as of the fourth day of the term.

The plaintiff afterward, on the same fifth day of the term, objected to the filing of the plea on that day ; — first, because

it was offered to be filed three days after the jury had been empannelled ; secondly, because by the rules of the Court of Common Pleas, no plea in abatement can be filed after the fourth day of the term.

The plaintiff also demurred to the plea, and assigned for causes, that it was not filed until the fifth day of the term, nor until after the jury had been empannelled.

*July 22nd.*  *Z. G. Whitman.* Perhaps the plaintiffs will be confined to their demurrer, but they now move the Court to reject the plea in abatement. The rule of the court below, which was made in 1824, is, " that pleas in abatement and demurrers to declarations may be filed at any time during the first four days of the return term, and not afterwards." This rule is repugnant to the provision in *St.* 1782, *c.* 11, § 6, that pleas in abatement shall be filed before the jury is empannelled ; which provision is not repealed, for subsequently to the passing of *St.* 1811, *c.* 33, § 5, which enacts, that the justices of the Circuit Court of Common Pleas may establish such rules for filing pleas in abatement, as they may see fit, provided the same are not repugnant to the laws of the commonwealth, – and of *St.* 1813, *c.* 173, § 3, which enacts, that the judge of the Boston Court of Common Pleas shall have power to make any orders for the regular administration of justice in the same, as shall not be inconsistent with the laws of the commonwealth, — this Court, in *Jacobs v. Mellen,* 14 Mass. R. 134, say, that " the defendant, if he pleads in abatement, must by our statute file his plea at the first term, and before the jury is empannelled." The *St.* 1820, *c.* 79, establishing the present Court of Common Pleas, repeals the statutes of 1811 and 1813, but says nothing of that of 1782, and the only authority, if any, for making this rule, is a clause in the 7th section of the statute of 1820, similar to the one above mentioned in the statute of 1811. The rule is to operate throughout the commonwealth, but in some counties where the court does not sit four days, its application must be, to say the least, extremely inconvenient. But admitting the validity of the rule, a single judge had no authority to dispense with its obligation in this particular case.

*W. P. Mason. contrà,* contended that the plaintiff ought to

have appealed from the decision granting leave to file the plea, and that he could not take advantage of his objection upon this irregular demurrer, in which the cause assigned for demurrer is a new issuable fact, not appearing in the previous pleadings. If this rule of court cannot be sustained, another rule allowing actions to be entered after the first day of the term, must fall with it, being equally repugnant to *St.* 1782, *c.* 11, § 6. But that statute is repealed, and it is so considered in the late edition of the statutes. If then the Court of Common Pleas had power to make the rule, they had power to dispense with it in furtherance of justice. The remark of this Court in *Jacobs* v. *Mellen* was made through inadvertence.

PARKER C. J. delivered the opinion of the Court. We have considered whether the rule of the Court of Common Pleas allowing four days for filing pleas in abatement and demurrers to declarations, notwithstanding the jury may have been previously empannelled, is valid ; for if they had not the right to make such a rule, the proceedings in this case would be irregular, and the plaintiff would have remedy, either by writ of error, or in some other way.

As, by *St.* 1782, *c.* 11, it is expressly enacted, that all actions shall be entered the first day of the term, and all pleas in abatement and demurrers to declarations shall be filed before the jury is empannelled, it is clear that a rule providing for the filing of pleas &c., any time after the jury is empannelled, would be void, unless that statute is expressly or by clear implication repealed. It was repealed by *St.* 1811, *c.* 33 ; though not in express terms, yet by the establishment of another court of common pleas, to which all the jurisdiction of the court under the statute of 1782 was transferred. By this statute of 1811, power was given to the justices of the Circuit Court of Common Pleas, to establish all such rules for filing pleas in abatement and demurrers to declarations, and for the orderly and well conducting of business, as they might see fit, provided the same were not repugnant to the laws of the commonwealth. But for this proviso, without doubt the statute of 1782 in relation to pleas in abatement would have been repealed, because the power given in the enacting clause

*Thompson*
*v.*
*Hatch*
*& Trs.*

*Jan. 13th*
*1827.*

515

Thompson
v.
Hatch
& Trs.

of this section is wholly inconsistent with the limitations of the statute of 1782 ; and if this proviso should be construed to preserve in force the former rule respecting the filing of pleas, &c., the whole of this power given to the court by the statute of 1811 would be nugatory ; for the amount of the whole would be, that the justices of the court should have power to establish rules for the filing of pleas, &c., provided that they shall be filed before the jury is empannelled :— which we think could not be intended, but that the object of the proviso was to prevent the establishing of any rules on this subject, which should be repugnant to the general laws of the land in regard to the fair and impartial administration of justice.

This statute of 1811 is however repealed expressly by *St.* 1820, *c.* 79, and the effect of this repeal, if that were the only purpose of the statute, would be to revive the statute of 1782. But this statute of 1820 vests all the powers of the Court of Common Pleas in the court which it establishes. And in the 7th section the same power is given to the justices to make rules in regard to the entry of actions, filing pleas, &c., as was given to the Circuit Court of Common Pleas, by the statute of 1811. We consider it to have been manifestly the intention of the legislature, instead of fixing by law the term for these proceedings, as was done by the statute of 1782, to commit to the court the power to establish rules upon this subject, because the justices would be better able than the legislature, to determine what would be most fit and convenient to the public.[1]

516

The observation of this Court in the case of *Jacobs* v. *Mellen*, 14 Mass. R. 134, was inadvertent ; the point was not material to the case, and it is very likely that the rule of the Court of Common Pleas and the statute authorizing them to make rules, were not suggested.

But a rule of the court thus authorized and made, has the force of law, and is binding upon the court, as well as upon parties to an action, and cannot be dispensed with to suit the circumstances of any particular case. In the case before us, the plea was allowed to be filed on the fifth day of the term,

---

[1] See Revised Stat. *c.* 82, § 37; Howe's Pract. 214

although the rule allows but four days for that purpose. The
circumstances were such as would justify that order of the court, if it had had power to pass it; but we are satisfied that no one judge of the Court of Common Pleas, or of this Court, has authority to dispense with rules deliberately made and promulgated, on account of the hardship of any particular case, any more than he would have authority to dispense with any requisition of the legislature itself. The courts may rescind or repeal their rules. without doubt, or in establishing them, may reserve the exercise of discretion for particular cases. But the rule once made without any such qualification, must be applied to all cases which come within it, until it is repealed by the authority which made it.

Disregarding therefore the form in which the question has been presented to us, seeing upon the record which is brought before us as by appeal, that the plea was filed contrary to the standing rule of the court, we now reject it, and the parties are held to plead to the merits.