## DAVID v. THE ÆTNA INSURANCE COMPANY.

1. RULES OF COURT. Rules adopted by a District Court under the authority conferred by Chapter 250, Laws of the Sixth General Assembly (1857) have the force and effect of law, as applied to the rights of parties, and should be construed by the same rules.
2. FINAL JUDGMENT. The term "final judgment" applies to the judgment which disposes of the case then pending. It does not necessarily imply a judgment which disposes of the cause of action between the parties.

*Appeal from the Dubuque District Court.*

TUESDAY, JUNE 14.

The defendant appeared by counsel, but filed no answer. The plaintiff withdrew his suit, and defendant asked for judgment for costs, including ten dollars, under the 79th rule of the court adopted by the judge thereof, and approved by the Supreme Court. This motion as to the ten dollars, was overruled, and defendant appeals.

*John L. Hervey,* for the appellant.

*Samuels, Allison & Crane,* for the appellee.

WRIGHT, C. J.—The 79th rule, referred to, reads as follows: "In addition to costs and expenses regulated by law, costs shall be allowed to the prevailing party upon final judgment, by way of indemnity for his expenses in the action, as follows: In an action where judgment, upon failure to answer or prosecute the action, is had, ten dollars; for the trial of the issues of fact and of law, fifteen dollars." This rule was adopted under the authority, conferred by Chapter 250 of the Laws of 1857, and was submitted to and approved by the judges of this court.

We are not disposed, except in a clear case, to interfere with the action of the District Court, in giving or refusing costs, under rules established by virtue of the statute cited. Until repealed or changed, however, they have the force and effect of law, as applied to the rights of parties, and in their construction the same rules should be applied. The rule in question provides that the prevailing party, shall be entitled to ten dollars, where judgment is had for failure to prosecute the action. Treating this language as entitled to the same force, as if found in an act of the General Assembly, we think there is no room for doubt. By the very language of the rule, the defendant was as much entitled to the ten dollars, as to any other costs provided for by the general law. The *final judgment,* in the rule provided for, we understand to mean, that which is final or disposes of the case then pending, and not necessarily that which disposes finally of the controversy, or cause of action between the parties, so that no other action can be brought. Thus construing the language of the rule, we can see no good reason why appellant was not entitled to the costs claimed.

Judgment reversed.