SELCH *v.* JONES.

TRESPASS.—LICENSE.—To an action of trespass for cutting timber, the defendant answered that he had purchased the timber from plaintiff's vendor, and had a parol license to cut and take it away; that plaintiff knew of the license and acquiesced therein.

*Held*, that the answer was good as a plea of license from the plaintiff.

APPEAL from the *Hendricks* Common Pleas.

FRAZER, C. J.—This was a suit for trespass *quare clausum fregit*, for cutting and carrying away timber, &c. The defendant answered that he had purchased the timber of the plaintiff's vendor, one *Morrow*, and had a parol license from him to enter and take it away, before the conveyance of the land to the plaintiff, of which the plaintiff had notice at the time he purchased the land, and that he acquiesced in said license.

A demurrer to this answer was overruled, and error is assigned on that ruling. This is the only question presented in the manner required by the practice of this court (rule 10), and our attention will, therefore, be confined to it.

We think that the answer, though bad in form for argumentativeness, was good on demurrer, and was equivalent to the defense of license from the plaintiff. The contract

for the timber not being in writing, and being for an interest in land, was not good under the statute of frauds, and the conveyance by *Morrow* passed the timber to the plaintiff and revoked the license, which otherwise would have been a good defense to the action for trespass. But acquiescence by the plaintiff in the license from *Morrow* was equivalent to a new license from the plaintiff, and was good as a defense.

There was another paragraph of the answer which alleged a license from the plaintiff. The same proof was admissible under it, and it would, therefore, have been no error if the court had sustained the demurrer, or stricken out the paragraph demurred to.

The judgment is affirmed, with costs.

*C. C. Nave* and *J. S. Miller*, for appellant.

*L. M. Campbell* and *J. V. Hadley*, for appellee.