The Columbus, Hope and Greensburg Railway Company *v.* Braden.

No. 12,446.

## THE COLUMBUS, HOPE AND GREENSBURG RAILWAY COMPANY *v.* BRADEN.

PLEADING.—*Striking Out.*—Where the matters set up in affirmative answers are admissible in evidence under the general denial, which is pleaded, such affirmative answers may be struck out without error.

EVIDENCE.—*Express Trust.—Can Not be Established by Parol.*—An express trust can not be established by parol evidence.

RAILROAD.— *Right of Way.—Conveyance.— Easement.— Assignment.— Purchaser Under Foreclosure of Mortgage.*—Where a right of way is conveyed, to a railroad company, the easement may be assigned or conveyed, and if there is no abandonment of the use, it will pass to the purchaser under a foreclosure of a mortgage executed by the company, embracing all of its rights and property.

From the Decatur Circuit Court.

*J. K. Ewing* and *C. Ewing,* for appellant.

*J. D. Miller* and *F. E. Gavin,* for appellee.

ELLIOTT, C. J.—The appellee's complaint is for the recovery of real estate. The appellant answered the general denial and also pleaded several affirmative answers, but these were struck out on the motion of the appellee.

There was no error in striking out the affirmative answers, for they were all embraced by the general denial. No right was taken from the appellant by striking out these answers, as all the evidence that was competent under the affirmative answers was admissible under the paragraph in denial.

The appellee executed a deed conveying to the Cincinnati and Terre Haute Railway Company a right of way, in consideration, as the deed recites, " of the location and construction of the Cincinnati and Terre Haute Railway." This company did not construct the road, but a mortgage executed by it was foreclosed, and all its rights and property sold upon the decree. Under this sale the appellant claims title, and the road has been constructed by it.

It appears that the title through which appellant claims was, on the face of the deed, in M. E. Ingalls, and the ap-

The Columbus, Hope and Greensburg Railway Company v. Braden.

pellant offered to prove that he held it in trust for its benefit. There was no error in excluding this evidence, for the offer was not to prove facts from which the law would imply a trust, but to prove by oral statements the existence of an express trust, and this, it is well settled, can not be done. Express trusts can not be established by parol.

There was no available error in refusing to permit the appellant to ask the appellee when on the witness stand, if he had not "deeded the land" to the Cincinnati and Terre Haute Railway Company, for the deed was in evidence, and all was proved by it that it was possible for the appellant to legally prove. If there was any error at all, it was a harmless one, and we need not decide whether the question was, or was not, a proper one.

It is assumed by appellee's counsel that this case is governed by the decision in *Ingalls* v. *Byers*, 94 Ind. 134, but we can not concur in this view. In that case the claim was not, as here, under the deed, but under condemnation proceedings, and the controversy was solely as to who should receive the money paid into court under those proceedings; while here the claim is founded on the deed, and is to the real estate itself. In the case referred to we said : " If the appellant were claiming as the successor of the Cincinnati and Terre Haute company and was proposing to build the road for which the easement was granted, we should have a very different question and one upon which the cases of *Junction R. R. Co.* v. *Ruggles*, 7 Ohio St. 1, and *Paul* v. *Connersville, etc., R. R. Co.*, 51 Ind. 527, would have an important bearing, but he makes no claim of that kind." It will be seen, therefore, that the clear implication from the language employed in *Ingalls* v. *Byers, supra,* is against the appellee rather than in his favor.

The deed of the appellee undoubtedly conveyed an easement in the land to the Terre Haute and Cincinnati Railway Company, and this easement was certainly assignable. It was assigned by the mortgage, and the purchaser at the fore-

closure sale took whatever the mortgage embraced.    *Ingalls* v. *Byers, supra;* Jones Railroad Securities, section 633.

As the easement was assignable, and as there was no abandonment of the use for which it was granted, it passed to the purchaser under the mortgage which conveyed it.   Had there been, as in *Ingalls* v. *Byers, supra,* facts showing that the appellant " expressly abandons the right of way and yields to the claims of a corporation that has condemned the land," the appellee's case would be a very different one; but there was no abandonment of the easement conveyed by his deed; there is, in truth, an assertion of a claim under that deed of the easement created by it, by one who has regularly succeeded to the rights of the original grantee.   The authorities are full and clear upon the proposition, that the grant of an easement such as that evidenced by the appellee's deed will pass by assignment or conveyance.   *Pollard* v. *Maddox,* 28 Ala. 321; *Noll* v. *Dubuque, etc., R. R. Co.,* 32 Iowa, 66; *Henry* v. *Dubuque, etc., R. R. Co.,* 2 Iowa, 288; *State* v. *Rives,* 5 Iredell (N. C.), 297; *Junction R. R. Co.* v. *Ruggles, supra;  Hatch* v. *Cincinnati, etc., R. R. Co.,* 18 Ohio St. 92; *Nicoll* v. *New York, etc., R. R. Co.,* 12 N. Y. 121; *Paul* v. *Connersville, etc., R. R. Co., supra;  Crolley* v. *Minneapolis, etc., R. W. Co.,* 30 Minn. 541.

We suppose it clear that there may be a conveyance of an easement, and that is really the case before us, for the original grantee, by way of mortgage, conveyed the easement created by the appellee's deed, and the party who derived title under the mortgage is simply asserting a right to use the easement for the purpose for which it was created.

Judgment reversed.

Filed April 20, 1887; petition for a rehearing overruled June 28, 1887.