Rout *v.* Ninde *et al.*

Filed Sept. 30, 1887.

---

No. 13,675.

ROUT *v.* NINDE ET AL.

SUPREME COURT.—*Certiorari.*—*Rules of Trial Court.*—The Supreme Court will not take notice of the existence of the rules of a trial court unless they are properly in the record on appeal, and will not require the clerk, by writ of certiorari, to certify such rules, unless embraced in a bill of exceptions or ordered by the court to be so certified.

From the Adams Circuit Court.

*C. J. Lutz* and *J. W. Headington*, for appellant.

*R. S. Peterson* and *E. A. Huffman*, for appellees.

ELLIOTT, J.—The appellees ask a writ of certiorari requiring the clerk of the trial court to certify to this court a copy of a rule of the circuit court governing applications for changes of venue, and allege that such a rule existed, but do ·not show that it was ordered to be certified to this court or that it was made part of the bill of exceptions.

It is one of the maxims of jurisprudence that " The practice of the court is the law of the court," and rules of practice adopted by trial courts of general jurisdiction are, so far as those courts are concerned, rules of law. As they are rules of law, although only such in a limited sense, they are, of course, always before the court by which they were framed, and need not be there pleaded, nor need they in any way be formally brought to the notice of that court. Broom Maxims, star p. 134.

Of its own rules the court takes notice. They are ever present, permanent in their nature and general in their operation. They are not adopted for particular cases, but for all cases of a given class; nor ·do they constitute part of the procedure in a special case, but they constitute part of the general law of procedure applicable to a class or classes of cases. But, while this is true, it is also true that an appellate court can not take notice of the rules of the trial court. The rule is thus stated in *Sandon* v. *Proctor,* 7 B. & C. 800, by HOLROYD, J.: "Anything required to be done by the law of the land must be noticed by a court of error; but a court of error can not notice the practice of another court."

It is obvious, therefore, that we can not take notice of the existence of rules such as that here sought to be brought before us, unless they are properly in the record.

It may be that, as such a rule is part of the permanent law of the trial court, it need not be incorporated in a bill of exceptions, but may be certified to this court by order of the trial court. But granting that this is so, still the clerk can not certify such a rule unless it is ordered by the court or is incorporated in a bill of exceptions. This is so, be-

cause the clerk can not determine what is the law óf the court, nor can he certify to anything not properly in the record. It may, perhaps, be within the power of the trial court to order its rules certified to us; but, until such an order is made, the clerk can not authoritatively certify a rule to us unless it is incorporated in the bill of exceptions. We are not now required to decide whether the trial court may not, upon proper application, direct the rule to be certified to us; for the appellees' motion is fully disposed of when we hold, as we must, that without an order of that kind a writ can not issue to the clerk directing him to certify the rule, except in a case where the bill of exceptions contains the rule.

Certiorari denied.

Filed Sept. 30, 1887.