No. 13,630.

## HOSTETTER v. AUMAN.

PLEADING.—*Special Denial.*—*Demurrer.*—A paragraph of answer which pleads facts in negation of the material facts alleged in the complaint, is a special denial and is good on demurrer.

CONTRACT.—*Merger of Previous Negotiations.*—Where a written contract is executed all previous negotiations and understandings are merged in the writing, and parol evidence is not admissible to vary or control its legal effect.

SAME.— *Written Contract of Sale.— Conversion.—Evidence.*—Where a writing, signed by A., evidences a sale of timber by him to B. and states the consideration and its payment, the title thereby passes to B., and in an action by him against C. for the conversion of the timber it is not competent to prove by A. that he understood the writing to be a receipt, and that he supposed he was selling the timber to C., with whom he had previously negotiated its sale by parol, B. merely paying the purchase price for the latter.

SAME.—*Previous Parol Contract of Sale.*—In such case C., will not be allowed to testify as to previous negotiations between himself and A., resulting in a parol contract for the purchase of the timber, nor as to an agreement between himself and B. whereby the latter was to pay the purchase-price for C., who was to work the timber into staves, repay B. the sum advanced, after which they were to divide the profits equally.

SAME.—*Contract for the Sale of Growing Timber.*—*Statute of Frauds.*—*Instructions.*—A contract for the sale of growing timber is a contract for the sale of an interest in land, and must be in writing in order to bind either party. For instructions upon this subject, the refusal to give which is held to be error, see opinion.

From the Montgomery Circuit Court.

*T. E. Ballard, E. E. Ballard* and *M. E. Clodfelter,* for appellant.

*B. Crane, A. B. Anderson* and *N. P. H. Proctor,* for appellee.

BERKSHIRE, J.—The appellant sued the appellee to recover damages for an alleged wrongful conversion of timber. The appellee answered the complaint, in two paragraphs. The

appellant demurred to the second paragraph, which demurrer the court overruled. The appellant saved an exception and filed a reply. The case, being at issue, was tried before a jury and a verdict returned for the defendant. The appellant filed a motion for a new trial, which was overruled by the court and the proper exception reserved, after which the court rendered judgment for the appellee.

There are two errors assigned: 1. The court erred in overruling the demurrer to the second paragraph of the answer. 2. The court erred in overruling the motion for a new trial.

The second paragraph of the answer did not admit the allegations of the complaint and offer facts in avoidance thereof; the facts pleaded were in negation of the main fact stated in the complaint—the ownership of the timber alleged to have been converted. The answer was a special denial, and as a pleading of that character was good; but as the same facts were provable under the general denial, there would have been no available error had the court sustained the demurrer.

The court erred in overruling the motion for a new trial. There was no controversy as to the appellee having converted the timber to his own use, as alleged in the complaint, the only controverted question being as to the ownership of the timber.

It was conceded that at a certain date, to wit, November 6th, 1883, Albert W. Booker was the owner of the timber in question, and that on that day the appellant paid him therefor $927.00 in cash, and he executed to the appellant the following writing:

"CRAWFORDSVILLE, IND., Nov. 6, 1883.

"This certifies that Albert Booker has this day sold to Simeon D. Hostetter one hundred and six oak trees (106) to be taken from the farm known as the William Booker farm, in Franklin township, Montgomery county, Indiana; choice of said trees by said Hostetter. Consideration, nine hun-

dred and twenty-seven dollars, cash paid in hand, receipt hereby acknowledged.

" ATTEST :				ALBERT W. BOOKER."

The third reason for a new trial is : " That the court erred in admitting, over the objection of the plaintiff, the evidence of Albert W. Booker, which evidence was of and concern- ing the negotiations for the purchase of a certain one hun- dred and six oak trees by the defendant of Albert W. Booker."

The written contract above set out was handed to said witness, and he stated that he executed it, and that contem- poraneously therewith the amount of money named was paid to him. Counsel for the appellee then propounded to him the following question : " State what negotiations you had in reference to the sale of timber, and with whom ; and state to whom you sold it, whether to this plaintiff or to the de- fendant, Lafayette Auman." The appellant objected to the question, and stated the grounds of his objection as follows : " 1. That all negotiations in reference to the sale of the tim- ber were merged in the written contract of sale made and ex- ecuted by the witness to the plaintiff, and it is the best and only evidence of what that contract was, or of the fact as to whom the sale was made. 2. That the contract for the sale of growing timber is a contract for the sale of real estate, and to be binding must be in writing ; and that any parol contract for the sale of the timber, made prior to the written contract, would be within the statute of frauds and void, and could not affect the written contract between Booker and the plaintiff." These objections were overruled by the court and the proper exception saved.

In answer to the question the witness testified as follows : " I had no negotiations with the plaintiff in reference to the sale of the timber ; all of the negotiations in reference to the sale of the timber were made with Lafayette Auman ; I was offering it for sale to the highest bidder, and his bid was the best, and I sold to him ; he had to come to town to

get the money from Hostetter for the timber; Mr. Hostetter paid me the money; I understood he was paying it for Auman; I signed the written instrument dated November 6th, 1883, which has been read in evidence, but understood that it was simply a receipt for the money paid me by Hostetter for Auman."

The fourth reason for a new trial is: "That the court erred in admitting in evidence, over the objection of the plaintiff, the evidence of Lafayette Auman, which evidence was of and concerning the negotiations for the purchase of a certain one hundred oak trees by the said Lafayette Auman."

The witness testified that he was the defendant in the action; knew Albert Booker, and was acquainted with the timber in question; whereupon his counsel propounded to him the following question:

"State all about the negotiations which led up to the sale of the timber, and whether you purchased the timber and what you paid for it."

To this question the appellant objected, and stated the grounds of his objection as follows:

"1. That all the negotiations for the sale of the timber are merged in the written contract made by Albert Booker with plaintiff, and that the written contract is the best evidence of what the contract was, and of the fact as to whom the sale was made, and parol evidence can not be given to vary or contradict it. 2. That the contract for the sale of growing timber is a contract for the sale of real estate, and to be binding must be in writing; that any parol contract made by witness with Albert Booker for the timber would be within the statute of frauds and void, and could not in any manner affect the written contract between the plaintiff and the same party for the timber."

The court overruled the objections and the appellant reserved the proper exception.

The witness, in answer to the question, testified as follows: "I went to see Booker and made a bid for the timber, which

was accepted; I bid nine hundred and twenty-seven dollars; I then went to see the plaintiff about getting the money; I and Allen Sunman went together to see him; saw him at his house; I agreed to furnish the timber and he was to furnish the money to pay for it, and I was to work it into staves and deliver them to him on the side-track of the railroad at Darlington; after he received back at these prices the nine hundred and twenty-seven dollars paid for the timber, the residue was to be divided; Hostetter also agreed to advance some money to pay hands to assist in getting out the timber; there was not a word said about a written contract, nor about my turning the contract for the timber over to Hostetter. After this agreement was made, Hostetter came to Darlington and met me and Booker and asked: 'Shall I pay the money to you or Booker?' and I replied, 'It makes no difference so Booker gets his money.' Mr. Booker came to Crawfordsville with Mr. Hostetter; I did not go with them; I was not there when the written agreement signed by Albert Booker was executed; I knew nothing about it till afterwards."

If there is one question better settled than another by numerous decisions of this court, that question is, that when a written contract is executed all previous negotiations and understandings are merged in the writing, and parol evidence can not be introduced to vary or control its legal effect. The writing which the witness Booker executed to the appellant evidenced a sale of one hundred and six oak trees on a certain tract of land, by the said witness to the appellant; it stated the consideration and its payment. It was not competent to prove by the witness his understanding of the legal effect of the writing, whether he understood it to be a receipt or a contract, nor to whom he supposed he was selling the timber; nor was it competent to prove by the appellee, either to contradict the writing or to control its legal effect, former negotiations which he had had with the appellant or with Booker; and in overruling the objections to the questions put to them and allowing

them to testify in answer thereto, the rulings of the court were erroneous.

The fifth reason assigned for a new trial raises a similar question to the third and fourth reasons, and nothing need be said as to it..

The first reason assigned in the motion for a new trial is, in substance, that the court erred in refusing to give instructions 1, 2 and 3 requested by the appellant. These instructions are as follows :

" 1. A contract for the sale of growing timber is a contract for the sale of an interest in land, and must be in writing in order to bind either party.

" 2. If you find from the evidence that the plaintiff, Simeon D. Hostetter, on the 6th day of November, 1883, by the written contract with Albert Booker, introduced in evidence, purchased the timber trees in controversy and paid for the same with his own money, and that said written contract was made and executed to said Hostetter for his own benefit and protection, then the trees purchased became the property of said Hostetter, by virtue of said written agreement.

" 3. A verbal contract for the sale of green and growing timber, unaccompanied by the payment of a portion of the purchase-money, or by the possession of the timber sold, is void, and can not be enforced by either of the parties."

If there was any fault in these instructions, they stated the law too favorably for the. appellee, and the refusal to give them was error. *Owens* v. *Lewis,* 46 Ind. 488 ; *Selch* v. *Jones,* 28 Ind. 255, and cases cited therein.

The transaction between Booker and the appellant passed the title in the timber to the appellant absolutely.

The previous negotiations which the appellee had with Booker gave to him no claim upon the timber, nor did the arrangement or understanding which he had with the appellant do so. Having paid no money, and not having acquired possession pursuant to any parol contract, and holding no

written contract for the timber, we can imagine no possible interest or right that he could have therein.

The second reason assigned for a new trial is, in substance, that the court erred in the instructions given to the jury.

For the reasons given in this opinion, all of the instructions are erroneous.

It is not necessary to consider the sixth and seventh reasons assigned for a new trial.

The judgment is reversed, with costs.

Filed March 9, 1889; petition for a rehearing overruled May 10, 1889.