<hr />

## MAGNUSON *v.* BILLINGS.

[No. 18,874.   Filed February 15, 1899.]

COURTS.—*Rules for Conduct of Business.*—Courts have power to adopt rules for conducting the business therein, not repugnant to the laws of this State, and when adopted they have the force and effect of law, and cannot be dispensed with in a particular case. *p. 180.*

PLEADING.—*Argumentative Denial.*—Defendant filed an answer to a complaint in an action to foreclose a chattel mortgage securing a purchase-money note, charging that he was induced to buy the property by the fraudulent representations of plaintiff, and as soon as he discovered the fraud he returned the property and demanded his note, which plaintiff refused to surrender. Plaintiff filed a reply alleging that defendant returned the property in a damaged condition, without notice to her of his intention to rescind the contract, and that she had never accepted a return of the property. *Held*, that the reply was merely an argumentative denial. *pp. 178-181.*

VOL. 152—12

Magnuson *v.* Billings.

COURTS.—*Rules for Conduct of Business.—Pleading.—Argumentative Denial.*—The action of the court in permitting plaintiff to file an additional paragraph of reply after the issues were closed, contrary to a rule of court is not reversible error, where the pleading amounted merely to an argumentative denial, and all the evidence under it was admissible under the general denial. *p. 181.*

CONTINUANCE.—*Discretion of Court.*—No error was committed in overruling defendant's motion for a continuance upon the ground that he was not prepared to produce the evidence to refute new facts brought into the case by a paragraph of reply, filed by plaintiff after the issues were closed, and on the day of trial, where all the material facts pleaded in such reply were in issue by the general denial. *pp. 181, 182.*

From the Noble Circuit Court. *Affirmed.*

*L. W. Welker,* for appellant.

*F. P. Bothwell* and *Ferrall & Hanan,* for appellee.

HADLEY, J.—On the 26th day of January, 1896, appellee filed her complaint against the appellant, praying judgment on a note, and foreclosure of a chattel mortgage executed to secure the same. On the 6th day of January, 1897, appellant filed his answer in five paragraphs. On the 3rd day of March, 1897, appellee filed her reply in general denial, which placed the cause at issue. On the 17th day of May, 1897, the court set the cause for trial on the 25th day of May, 1897, and on the day set, and after the cause was called for trial, appellee moved the court for leave to file "an additional and second paragraph" of reply to the second paragraph of appellant's answer. Appellant resisted the motion upon the ground that the issues were closed, and appellee had not complied with rule five of the court, which required applications to open issues to be supported by the affidavit of the applicant, and upon the further ground that the proposed further reply set up new matter, that would require new and additional evidence, which he was not prepared to present. The motion was sustained, a proper exception awarded appellant, the additional reply filed, cause tried, and resulted in a judgment and decree for appellee. The overruling of appellant's mo-

tion for a new trial presents the only question for review here.

The second paragraph of answer charged that the note and mortgage were given for a stallion, cart, and harness, that the defendant was induced to buy the property by the fraudulent representations of the plaintiff; that soon after the defendant discovered the fraud he returned the property to the plaintiff, informing her that it was not as she had represented it to be, "and was worthless, and that he had brought the stallion, cart, and harness back, and the plaintiff directed him to place the stallion in her barn, and the cart and harness in the shed, which the defendant did as requested, and then demanded of the plaintiff a return of his note and mortgage, which she refused."

The additional and second paragraph of reply to the answer stated that the property was purchased by, and delivered to the defendant on the — of. May, 1896, and that the property was then in good condition; that the defendant kept and used said property until the 20th day of July, 1896; that he worked the horse all the time, and negligently failed to feed and care for him so that said horse became very poor and weak, and negligently permitted the collar used on the horse to rub, wear, and create great and painful sores on his neck and shoulders, and failed to treat said sores, and they made ugly scars on the horse to her damage fifty dollars, and did use, wear out and damage said cart and harness twenty dollars, and on the 20th day of July brought said property, in its damaged condition, to the plaintiff's house, and left the same on her premises, without her knowledge or consent, and without notice to her of his intention to rescind the contract, and the plaintiff has never accepted a return of the property, or taken possession of it.

The fifth rule of said court is properly in the record, and is in the words following: "In all cases where issues are, or may be completed, motion for leave to re-open the issues, and file an additional pleading, must be upon the affidavit of the

party making application, or his attorney, showing some reasonable excuse for not filing such pleading before issue joined, and that the facts set out in said pleading are believed to be true, and he believes the same can be sustained on the trial of the cause by proof. Such affidavit and motion must be accompanied by the pleading proposed to be filed, or the same will not be entertained." The first reason assigned for a new trial is that the court erred in sustaining appellee's motion for leave to file her second paragraph of reply to the second paragraph of answer, without a compliance with the court's rule five.

Courts have power to adopt rules for conducting the business therein not repugnant to the laws of this State (section 1375 Burns 1894, section 1323 Horner 1897), and when adopted and published they have the force and effect of law, and are obligatory upon the court, as well as upon parties to causes pending before it. Section 186, Elliott's Gen. Prac.; *Lancaster* v. *Waukegan, etc., R. Co.,* 132 Ill. 492, 24 N. E. 629; *David* v. *Aetna Ins. Co.,* 9 Iowa 45; *Pratt* v. *Pratt,* 157 Mass. 503, 505, 32 N. E. 747, 21 L. R. A. 97; *Rout* v. *Ninde,* 111 Ind. 597. So long as a rule of court remains unrepealed, it cannot be dispensed with in a particular case. *Thompson* v. *Hatch,* 20 Mass. 512-516; *Coyote, etc., Co.* v. *Ruble,* 9 Ore. 121; *Ogden* v. *Robertson,* 15 N. J. L. 124; *Quynn* v. *Brook,* 22 Md. 288; *State* v. *Edwards,* 110 N. C. 511, 14 S. E. 741.

A rule of court is a law of practice, extended alike to all litigants who come within its purview, and who, in conducting their causes, have the right to assume that it will be uniformly enforced by the court, in conservation of their rights, as well as to secure the prompt and orderly dispatch of business. Furthermore, a rule adopted by a court is something more than a rule of the presiding judge; it is a judicial act, and when taken by a court, and entered of record, becomes a law of procedure therein, in all matters to which it relates, until rescinded or modified by the court. *Treischel* v. *Mc-*

Magnuson *v.* Billings.

Gill, 28 Ill. App. 68; *Shane* v. *McNeill,* 76 Iowa 459, 41 N. W. 166.

In this case it is conceded that the issues were closed at the time application was made by appellee to file an additional reply, and there is no pretense that the application was accompanied by an affidavit of the applicant, or her attorney, showing some reasonable excuse for not filing such pleading before issue joined, and that she believed said answer to be true and capable of proof upon the trial. Rule five was a law of the court providing that an affidavit disclosing certain facts should constitute the condition upon which the court would exercise its discretion with respect to re-opening the issues, and the court had no power to waive it, and it follows that appellee's motion should have been overruled.

But the additional and second reply was an argumentative denial and all evidence under it was admissible under the general denial pleaded in the first paragraph of reply. Hence the defendant was not damaged, and the action of the court in permitting it to be filed, was harmless, and not reversible error. *Columbus, etc., R. Co.* v. *Braden,* 110 Ind. 558; *Board, etc.,* v. *Huff,* 91 Ind. 333; *Gheens* v. *Golden,* 90 Ind. 427; *Ketcham* v. *Brazil Block Coal Co.,* 88 Ind. 515; *Hervey* v. *Parry,* 82 Ind. 263.

Upon filing the second paragraph of reply the appellant moved the court for a continuance of the cause, upon the ground that he was not prepared to produce the evidence to refute the new facts brought into the case by said second paragraph of reply, which motion was supported by the defendant's affidavit in denial of the facts pleaded, his present unpreparedness, and belief that he would be able to produce the witnesses at the next term of court. The motion for continuance was overruled, and this action of the court is called in question by the second reason assigned for a new trial.

All the material facts pleaded in the second paragraph of reply were in issue under the general denial of the first paragraph, and the second paragraph neither enlarged nor lim-

ited the scope of the evidence and the action of the court was but a reasonable exercise of discretion. There was no error in overruling the motion for continuance. There are other questions reserved, but as they are not discussed in appellant's brief, they are deemed to be waived.

The motion for new trial was properly overruled.

Judgment affirmed.