## In Re Estate of Catherine Lennon.

ESTATES: CONVEYANCE IN LIEU OF DOWER: VOID.

*Appeal from Winneshiek Circuit Court.*

### Tuesday, June 13.

JOSEPH LENNON, surviving husband of Catherine Lennon, filed his petition in the Circuit Court, sitting in probate, for the admeasurement of his distributive share or dower in the real estate of his deceased wife. Certain persons as heirs at law were made defendants, and Mary Byrnes filed an answer to which a demurrer was sustained, and she appeals.

*L. Bullis,* for appellant.

*Cooley, Fannon & Akers,* for Joseph Lennon.

SEEVERS, CH. J.—Counsel for the appellant says it was stated in the answer of Margaret Byrnes, "That Joseph Lennon, petitioner, received a deed, October 27, 1879, from Catherine S. Lennon, deceased, in and to S. E. of S. E. of Sec. 8, Tp. 97, R. 7; and that he received it as an advancement of his dower interest in the whole of said estate, and that he received and accepted the same as his dower or share as widower." To this portion of the answer a demurrer was sustained, or if this be not so, it is the only portion of the answer upon which appellant relies. The answer alleges that during the lifetime of Mrs. Lennon, her husband accepted a conveyance of certain real estate in lieu of his distributive share or dower interest in the whole of his wife's real estate. There must, of course, have been a contract to this effect between them. But the statute provides that neither husband or wife has such an interest in the property owned by the other, as can be made the subject of a contract between them. Code, § 2203. *Linton v. Crosby,* 54 Iowa, 478, is in all respects like the case before us. Following it, the judgment of the Circuit Court must be

AFFIRMED.