DUNLAP ET AL. v. THOMAS ET AL. (TWO CASES)

1. **Conveyance with Warranty:** RELINQUISHMENT OF DOWER BY PAROL: STATUTE OF FRAUDS: ESTOPPEL. Plaintiff's father sold the land in question to defendant's grantor, and conveyed it to him by deed of warranty. His wife, plaintiff's mother, did not join in the deed, but, in consideration of the payment of the purchase-money to her, she orally agreed that she would never make any claim of dower in the land. *Held—*

(1) That such promise was not void on the ground that inchoate right of dower is not the subject of contract. *McKee v. Reynolds*, 26 Iowa, 578, distinguished.

(2) That, since the promisor received the purchase-money, the promise was not within the statute of frauds. Code, § 3665.

(3) That both the promisor and her heirs were estopped from claiming dower in the land against the defendants.

(4) That such estoppel arose solely out of the mother's promise, and that the covenants in the father's deed, in which the mother did not join, did not estop either her or her heirs from claiming dower.

ADAMS, CH. J., *dissenting.*

*Appeals from Hamilton Circuit Court.*

TUESDAY, JUNE 22.

MARGARET M. DUNLAP was the widow of James Dunlap, who died intestate in 1883. The said James Dunlap at one time was seized of two parcels of real estate in Hamilton county. In the year 1869 he sold and conveyed said real estate to one Joseph Counts. Margaret M. Dunlap was his wife at the time this conveyance was made, but she did not join therein, and after the death of her husband she brought these actions in equity to recover, and have set off to her, one-third of the property. The defendants claim under the conveyance from Counts. Margaret M. Dunlap died pending the action, and her heirs at law were substituted as parties thereto. The defenses pleaded are (1) that the price paid by Counts for the property was the full and fair value thereof; that the consideration was paid to Margaret M. Dunlap, who received and retained the same; and that she then verbally agreed that, in consideration of her so receiving and retaining said price, she would make no claim in the lands conveyed, either as dower or by virtue of any other right; and that she and her heirs are now barred of any right in the property, and are estopped from asserting any claim to it; and (2) that the conveyance by James Dunlap to Joseph Counts was with covenants of warranty, and that the persons who were substituted as parties in the action on the death of Margaret M. Dunlap are the heirs at law of said James Dunlap, and are estopped by the covenants of their ancestor from asserting title to the property. The circuit court sustained a demurrer to these defenses. Defendants appeal.

*Wesley Martin*, for appellants.

*Chase & Chase*, for appellees.

REED, J.—It is not claimed that Margaret M. Dunlap was guilty of any misrepresentation or concealment as to her interest in the property, or that Counts made the purchase in ignorance of the fact that she had a dower right in it. The

claim is that she and her heirs at law are now estopped by her act in receiving and retaining the purchase-money, and her promise made, in consideration of the payment of that money to her, that she would never assert a claim to the property under her right of dower.   It has frequently been held that 'an estoppel would be raised against a party by his promise when he was guilty of no deceit or misrepresentation.   Thus, in *Faxton v. Faxon*, 28 Mich., 159, the mortgagee promised the son of the mortgagor (the latter being dead) that if he would remain in possession of the mortgaged property, which was then of but little value, and assist in supporting the family of the mortgagor, he would not afterwards enforce the mortgage against it.   In pursuance of this promise the son, who at the time it was made contemplated a removal to another region, did remain upon the premises, and supported the family.   The property afterwards greatly enhanced in value, and the mortgagee brought suit to foreclose the mortgage; but it was held that he was estopped by his promise.   The ground upon which the holding was placed was that, as the son was induced by the promise to change his plans for life, and devote his time and labor to the support of the family, it would be contrary to equity to permit the foreclosure of the mortgage in violation of it. And a like principle was applied in *Mansur v. Haughey*, 60 Ind., 364, and by this court in *Lomax v. Smyth*, 50 Iowa, 223.

We think the present case is governed by the same principle.   It is true, there is no express averment in the answer that the purchaser was induced to part with his money by the promise of Mrs. Dunlap that she would not assert her right of dower; but it is alleged that she made the promise in consideration of the payment of the money to her, and that she received it in pursuance of this promise.   The averment is that she made the promise in consideration of the payment of the money to her, and not that her promise operated as an inducement to the purchaser to make the payment.

The consequences of the promise, however, would be the same in either case. If the purchaser had been induced by the promise to part with his money, she would now be estopped from asserting the claim in violation of it, because of the injustice which would result to him in consequence of the enforcement of her right. But, having accepted the money as a consideration for the promise, it would be equally inequitable now to permit the enforcement of the claim in violation of it. The heirs are now seeking, in a court of equity, to enforce a right which the ancestor promised, for a consideration, never should be enforced. It would be against equity and good conscience to permit them to enforce it.

It is contended, however, that the promise was void because (1) the inchoate right of dower is not the subject of contract, and, (2) being in parol, it is void under the statute of frauds, and that, therefore, it does not create an estoppel. That a void promise will not create an estoppel will be conceded. It will also be conceded that a dowress cannot, while her right is contingent, separate it from the property to which it attaches, and sell it as an independent interest. *McKee v. Reynolds*, 26 Iowa, 578. But the promise in this case was made to the purchaser of the real estate, and was made at the time of the purchase, and we know of no reason why she might not at that time make a separate contract with him for the sale of her inchoate right or interest in it. Married women are empowered by the statute (Code, § 1935) to convey or incumber any real estate or interest therein belonging to them. The doctrine that they cannot sell or convey their dower interest while it remains inchoate as an independent interest rests upon the peculiar nature of the right, and not upon any legal incapacity in them to contract with reference to it. Under this section we think it was competent for Mrs. Dunlap to contract with Counts for the sale of her dower interest in the property. Her promise that she would not assert the right was therefore not void on the first ground suggested. Neither was it

Dunlap et al. v. Thomas et al.

void on the other ground urged. Our statute of frauds has relation, not to the contract, but to the evidence by which the contract is to be establishd. It provides (Code, § 3604) that no evidence of any contract for the creation or transfer of any interest in real estate, except leases for a term not exceeding one year, shall be competent, except it be in writing. Under section 3665, however, this provision does not apply when the vendor has received the purchase money, or any portion of it. When Mrs. Dunlap received the full value of the land, and promised that, in consideration of the payment of the money to her, she would make no claim of dower in the land, she, in effect, contracted for the sale of her dower interest therein to Counts, and she also, in effect, received the money paid her as the price of that interest.

We have no occasion to inquire whether the contract could now be specifically enforced in a court of equity. Defendants do not demand judgment for a specific performance of it. The only question presented, under this branch of the case, is whether it is competent to prove the alleged promise by parol, and we are clear that, under the provisions of our statute, such evidence would be competent.

II. The demurrer to the other defense pleaded was rightly sustained. The substituted parties claim the estate as the heirs at law of Margaret M. Dunlap. It is true, they are also the heirs of James Dunlap, but the particular estate here involved descended to them, if at all, from Margaret M. Dunlap. She was not estopped from claiming her dower in the property by the covenants in her husband's deed to Counts; and they inherit from her whatever interest she had in it.

The judgment will be reversed, and the cause remanded for further proceedings in harmony with this opinion.

REVERSED.

ADAMS, CH. J., dissenting.—The wife, upon the death of her husband, becomes the owner of one-third of the real

estate possessed by him during marriage, which has not been sold on execution, and to which she has made no relinquishment of her right. This land was possessed by the husband during marriage, and has not been sold on execution. The wife, then, became the owner of one-third, unless she made a relinquishment of her right. I think that the legal question in the case is as to whether the wife, at the time of the sale and conveyance of real estate by her husband, can relinquish her right by parol. The fact that the money in this case was paid to the wife is not, to my mind, material, because, if it had been paid to the husband, the wife's alleged promise or contract would not be without consideration, and the payment, to whomsoever made, could not, I think, have a greater effect than to constitute a consideration.

We have, then, the simple question as to what shall be deemed a relinquishment of the wife's right, within the meaning of the statute. In my opinion, such relinquishment can be made only by writing. The object of the relinquishment is to transfer an interest in land. I do not say that if the wife's contract had been to make the relinquishment, such contract could not be enforced by action brought within the proper time. As to that, I express no opinion, because we have no such question. The wife did not agree to do anything. Her alleged parol agreement is virtually taken as the relinquishment itself.

There is no doubt but that the understanding of the profession has been that the relinquishment should be by writing. I think that this is the proper construction of the statute. The rule held, it appears to me, breaks down a safeguard which has been wisely provided, and will lead to uncertainty and litigation, and oftentimes to wrong. It may be added that the litigation would probably often arise many years after the transaction in question, and when the most reliable evidence had disappeared.