Shane v. McNeill.

SHANE v. McNEILL *et al.*

| 76 | 459 |
|----|-----|
| 98 | 535 |
| 76 | 459 |
| 104 | 519 |
| 76 | 459 |
| 114 | 491 |
| 76 | 459 |
| f138 | 103 |

1. **Dower:** RELEASE OF TO HUSBAND DURING LIFE: INVALIDITY: RATIFICATION: ESTOPPEL. Plaintiff and her husband, before the death of the latter, executed conveyances to each other for the purpose of making a division between them of the real estate owned by the husband, and to cut off plaintiff's dower interest in the same. The portion of the land falling to the husband under this attempted division he conveyed to the defendants' grantor,— plaintiff not relinquishing her right of dower by joining in the deed. She now seeks, by an action in partition, to recover her one-third interest in said land. *Held—*

    (1) That the deeds between her and her husband were void, under section 2203 of the Code. (Compare *Linton v. Crosby*, 54 Iowa, 478, and *In re Lennon*, 58 Iowa, 760.)

    (2) That no exclusive occupancy or claim of exclusive ownership of the portion of the lands conveyed to her could have the effect to ratify the transaction ; because, *first*, the whole transaction must stand or fall together, and she could not ratify the deed conveying land to her, since she was not the party purporting to be bound thereby ; and, *second*, because the transaction was against the provision and policy of the law.

    (3) That, since defendants claim under a deed of the husband, no acts or claims of ownership on plaintiff's part, made after his death, and consequently after his deed, could have been relied upon by defendants or their grantor, as an estoppel of plaintiff to assert her dower ; and that no act done by her before his death, and while her right was only inchoate, could have that effect.

    (4) That, since defendants claim title in fee under plaintiff's husband, they cannot be heard to say that plaintiff must fail because she has not shown that her husband had title to the land.

2. **Courts: RULES OF PRACTICE : POWER TO MAKE.** .Chapter 134, Laws of 1886, empowering the judges of the state in convention to adopt rules of practice to prevail in all the districts of the state, does not abrogate the common-law power of the district court of a particular district to make a rule upon a point not covered by the rules adopted by the judges in convention ; nor does it abrogate a rule, in existence in a particular district when the act was passed, on a point not covered by the rules adopted by the convention of judges. Accordingly, *held* that a rule in a certain district, requiring the clerk to tax a certain sum as costs against the losing party to a demurrer, was not abrogated by said act, the judges in convention having failed to make any rule on that point ; and the fact that the number of the district was changed by the statute, the counties in it, however, remaining the same as before, makes no difference.

*Appeal from Delaware District Court.*—HON. D. J. LENEHAN, Judge.

FILED, JANUARY 15, 1889.

ACTION for partition. There was a decree confirming in plaintiff the interest she claims in the lands. Defendants appeal.

*E. C. Perkins* and *Yoran & Arnold,* for appellants.

*Herrick & Doxsee* and *Powers & Lacy,* for appellee.

BECK, J.—I. The petition alleges that plaintiff is the widow of Robert Shane, who in his life-time, and while plaintiff was his wife, was seized of certain lands, which he afterwards conveyed to defendant's grantor. Plaintiff did not relinquish her dower interest in the land by joining in the deed. She seeks in this action to have her dower in the land assigned and set apart to her. The answer of defendants, as defense to the action, sets up these facts : Prior to the execution of the deed by plaintiff's husband to defendants' grantors under which they claim, he and plaintiff made an "exchange" or division of their interests in the lands of the husband ; he conveying to her certain lands described in the petition, and she relinquishing to him all her interests in

other lands. The plaintiff, it is alleged, has, since the execution of the deed to her by her husband, claimed to be the owner of the lands therein described, and, as the executrix of the estate of her husband, has recognized the validity and sufficiency of the deed to her. She was in possession of the lands at the death of her husband, and has continued in possession thereof, and has failed to charge herself as executrix with the rents and profits of the lands conveyed to her, and these lands were not included in the lands listed and reported by her as of the property of the estate. A demurrer to the answer basing the defense upon the deed to her executed by her husband, and the facts alleged as to her occupancy of the land, and failure to report its rents and profits, and the lands deeded to her, as of the assets of the estate, was sustained.

II. In our opinion, the facts pleaded present no defense to plaintiff's action. The conveyances between the plaintiff and her husband, intended to cut off the interest of the parties in specified portions of the estate, thus making a division between them of the property owned by the husband, are void, and convey no title or interest to the parties. Code, sec. 2203; *Linton v. Crosby*, 54 Iowa, 478; *In re Lennon*, 58 Iowa, 760. Defendant, while admitting this rule, insists that it does not apply to and control the case, for reasons we shall now proceed briefly to consider.

1. DOWER : release of to husband during life : invalidity : ratification : estoppel.

III. It is first insisted that plaintiff ratified the transaction by recognizing the division of the property of her husband as it was done by the deeds between him and her, and by holding possession of the land; thus electing to take under the deeds. This ratification, it is insisted, made valid the deed executed by the husband to plaintiff. If this be so, the ratification must have been of the deed by the husband to plaintiff. It was void under the statute and decisions above quoted. It is contended that this invalidity is removed by the acts of plaintiff, which amount to a ratification of the transaction. Of course, if the alleged ratification did not

remove the invalidity of the deed, it continues invalid; and, if it is now to be regarded as valid, it is because it is made so by the ratification. We think, therefore, that counsel claim that plaintiff's acts ratified her husband's deed. Of course, this ratification is regarded as extending to the conveyance executed by her. But we need not make inquiry upon this point. It cannot be doubted that plaintiff's deed is valid or invalid as her husband's conveyance may be held to be. The different acts and deeds done and executed in the transaction must stand or fall together. Now, it cannot be held that it was competent for plaintiff to ratify, by her individual acts, the deed of her husband. She is able to ratify her own act, but there is neither reason nor principle which authorizes the conclusion that she may ratify her husband's act. She may probably ratify her own act, so that it would become binding upon her, but she cannot ratify the act of her husband. There is no case in the law where a contract is made valid and binding by the ratification of parties other than the one to be bound thereby. The ratification is in effect the making of a contract. It is plain that the same person who makes the contract must ratify it. The ratification set up in this case was made by plaintiff; the deed ratified was the contract of the husband. It is not claimed that it was ratified by him.

For another reason we think it cannot be held that the acts and conduct of plaintiff operated as a ratification. Under the statute and decisions just cited, it was not competent for the parties to make an arrangement of the character attempted. Their agreement and deeds made pursuant thereto are forbidden by the law. They are in conflict with the policy of the state as disclosed by the statute and decisions just cited. Now, it cannot be claimed that the parties may disregard the policy of the state, and violate its laws, by ratifying acts which the law forbids. It cannot be insisted that their acts and conduct will nullify the prohibitions of the law, and require us to hold their deeds valid, when these deeds are declared by the law to be of no validity. It will be

remarked that this view does not consider the rights of parties other than the plaintiff and the husband and their representatives. No question of estoppel is here considered. It will arise hereafter. The cases of ratification of a contract of a minor after he reaches his majority, and of a married woman after coverture is removed, referred to by counsel for defendants, do not serve to sustain counsel's position, or illustrate the principles of law applicable to this case. The disability in each of these cases is provided for by the law for the protection of the persons under disability. That protection may be waived after majority is reached or coverture is removed. In the case before us the disability is of a person other than the one whose acts it is claimed waive the disability. Other differences could be pointed out.

IV. Defendants insist that the acts and conduct of plaintiff, before stated, operate as an estoppel, forbidding plaintiff to deny the validity of the title conveyed by her husband to the grantors of the defendants. We cannot discover elements of estoppel in this case. It is not alleged, shown or claimed that the defendants or their grantors purchased the land relying upon the acts of plaintiff as confirming to them a title or equity in the deed. Indeed, there could have been no such reliance on the part of these persons. It will be remembered that the claim of estoppel is based upon acts and conduct which in effect recognize the validity of the husband's deed; and it is plain that this recognition, to constitute due estoppel, must have been made after the plaintiff could have ratified the transaction. It must have been after her inchoate dower interest became actual and fixed by the death of the husband. It cannot be claimed that any act done before the husband's death would operate as an estoppel. Any such claim would be as unreasonable as the claim that a minor may ratify his contracts during his minority, or a married woman may ratify her contracts while her coverture actually exists. It follows from these arguments that plaintiff is not estopped to set up her claim of dower in the land in question.

V. We have considered the foregoing questions upon the facts as presented in the pleadings and evidence found in the record. It is not necessary to pass upon the position of plaintiff's counsel to the effect that the question of estoppel cannot be considered on the appeal, for the reason that the defendant failed to take exceptions to the rulings upon the demurrer. As the questions are considered and decided for plaintiff, she cannot complain of our consideration of them upon the record before us.

VI. Plaintiff's husband acquired title to the land as an heir. Defendants now insist that plaintiff cannot recover, under the evidence in the record, for the reason that she fails to show that her husband acquired such interest in the land as entitled her to dower. But the defendants claim under plaintiff's husband, who conveyed to their grantor an absolute title to the land. Plaintiff and defendants trace their title to a common source. Defendants cannot, after setting up in their pleadings title derived from plaintiff's husband, now insist that they derive title under him, but plaintiff must fail, for the reason that she does not show she had the title. Defendants must be regarded as admitting in this action that they held the title.

VII. The clerk taxed thirty dollars against defendants as costs on demurrers to answers which were decided against defendants at the January and February term, 1887. The costs were taxed at the June term. There was no rule of court authorizing the taxation of such costs adopted by the judges in their convention authorized by chapter 134, Acts Twenty-first General Assembly. It appears that there was such a rule prevailing in the district court in which this case was tried before the enactment of the statute just mentioned. But that statute, reorganizing the judicial districts of the state, and providing for the election of additional judges, does not change the district. The county wherein this cause was tried was put into a district designated by a number different from the designation under the old statute. It

2. COURTS: rules of practice: power to make.

was thus put in a new district, though the counties of the district were the same as those before constituting the district of a different number. We are of the opinion that the old rules of the district in which the case was tried, adopted before the enactment of the statute just mentioned, and which had not been repealed by express legislative enactment, nor by an order of the court, continue of force. The district wherein the rule in question prevailed remained the same after the enactment of the statute in question, though designated by a different number. Unless the rule was superseded by chapter 134, Acts Twenty-first General Assembly, it remained in force. Section 11 of this act empowers the judges of the state in convention to adopt rules of practice to prevail in all the districts of the state. But no general rules of practice, and none applicable to the subject of the taxation of costs upon demurrer, were adopted. Section 11, chapter 134, Acts Twenty-first General Assembly, authorizes the convention of judges to adopt uniform rules of practice to prevail throughout the whole state. Of course, if this authority should be exercised, all rules adopted by the judges of the respective districts would be superseded. But, if it be not exercised, the rules adopted by the courts pursuant to inherent common-law authority, or authority conferred by statute, would be of force. The express language of chapter 134, Acts Twenty-first General Assembly, does not abrogate the common-law authority of the courts in this regard, nor repeal Code, section 180, conferring such authority upon the judges of the respective districts to be exercised by their united action ; nor does this statute by implication repeal the law existing before its enactment; nor can it be held that the mere conferring of power upon all the judges of the state to adopt rules in convention, though not exercised, abrogates all power of the courts before existing to make rules. The existence of rules of practice are necessary for the right administration of the law. It cannot be presumed that the general assembly intended to take the power to

Shane v. McNeill.

adopt them away from the separate courts in case that power was not exercised by the convention of judges under chapter 134, Acts Twenty-first General Assembly, in view of the facts that the statute confers the power upon the convention of judges to adopt rules of practice, but contains no mandatory language requiring the power to be exercised. If the contrary view prevails, the courts are without rules of practice, as the judges in convention have failed to exercise the power conferred upon them, and adopted no rules of practice applicable in the taxing of costs upon demurrers. We can adopt no interpretation of the statute, and exercise no presumption, which will lead to this result. We think the district court was authorized to tax the costs complained of, and the record presents no ground upon which we can interfere with its action in that regard. We need not pass upon plaintiff's objection to the consideration of the question of costs, on the ground that no error was assigned by defendant upon the district court's order for the taxation of the costs in question. As our decision is favorable to plaintiff, she cannot complain of our consideration of the question.

We have disposed of all points which demand consideration, and reach the conclusion that the decree of the district court, in every particular, ought to be

AFFIRMED.