ISAAC BALDWIN, *et al.*, Appellants, v. DOMINICK HILL, *et al.*

**Dower.** An agreement by a widow with the executors of her husband, made with the consent of the residuary legatees, to accept the provision made for her by his will which gave her no realty, in consideration of ten thousand dollars paid to her from the residuary estate, vests in such residuary legatees all rights to the real property, which she might otherwise have had as dower.

SAME. This is so, though she might, were it not for this agreement, have taken dower in addition to the provision made in the will, under Code, section 2452, which provides that consent to a will not entered in the proper record, does not affect dower unless the will purports to be in lieu of dower or states something inconsistent with taking both dower *and* under the will.

**Parol Variance:** PARTIAL CONTRACT. In an action to quiet title, it appeared that plaintiff claimed as successor to the title of the widow of B, that B, by his will, gave her certain personal property; that she in writing accepted the provisions of the will on condition that the executors pay her ten thousand dollars, in addition to all the provisions made for her by the will; and that the money was paid to her on that condition. *Held,* that parol evidence

was admissible to show who were the parties to such agreement, they not being named therein, and the consideration which induced them to join in it.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE, Judge.

FRIDAY, APRIL 10, 1896.

ACTION in equity to quiet in the plaintiff, Isaac Baldwin, the title to certain real estate, and for general equitable relief. The defendant, Hill, and interveners, D. L. Ryder and Almira M. Ryder, ask that the title be quieted in Hill. There was a hearing on the merits, and a decree in favor of Hill. The plaintiffs appeal.—*Affirmed.*

*A. P. Parker* and *Isaac Baldwin* for appellants.

*L. A. Ellis, A. R. McCoy,* and *C. H. George* for appellees.

ROBINSON, J.—The plaintiffs are Isaac Baldwin and his wife. Baldwin claims to be the owner in fee simple of an undivided one-third of lot No. 15, of block No. 5, in Baldwin's addition to Clinton. His claim is based upon the following facts: In April, in the year 1880, James Boyd, a resident of the state of New Hampshire, died testate, seized in fee simple of the lot described. He was married, and his wife survived him. His will was duly admitted to probate in Hillsborough county, N. H., and afterwards in Clinton county, in this state. The first paragraph of the will contained the following: "(1) I give and bequeath unto my wife, Eveline P. Boyd, all my household furniture, beds, bedding, etc., of every description, except my iron safe, all the provisions of the house and cellar, all the books in the house, and all my clothing; the use during life of my pew in the

First Presbyterian church, in said Antrim, and horse shed near said church; the use and free occupation of the house on my home place, so long as my trustees, hereinafter named, shall think it best for her to live there, but, if said trustees shall think it best for her to move, I order and direct said trustees to provide her a suitable home at the expense of my estate, and I order and direct said trustees to pay her one thousand dollars a year, to be paid to her semi-annually. * * *" Other paragraphs of the will provided for the payment of various sums of money, including annuities, and the eighteenth paragraph gave the residue of the estate to beneficiaries named. The estate thus disposed of, included real estate, of the value of nine thousand seven hundred dollars, and personal property, to the value of a little more than ninety thousand dollars. The statutes of New Hampshire contain the following provisions: (1) "Every devise or bequest, by the husband or wife, to the other, shall be holden to be in lieu of the right which either have by law in the estate of the other, unless it shall appear by the will, that such was not the intention." Gen. Laws 1878, page 476, section 18. (2) "The widow of the testator may waive any of the provisions made in his will, and intended to be instead of her dower or distributive share, by a writing filed with the judge, and thereupon such provision shall be void, and her dower and distributive share shall be assigned to her." Id., page 455, section 13. Mrs. Boyd was not satisfied with the provisions of the will made in her behalf, but proposed to the executors to accept what the will gave her, and ten thousand dollars in addition, and not waive the provisions of the will. The proposition was accepted, and she gave to the executors an instrument, in writing, of which the following is a copy: "I, Eveline P. Boyd, of Antrim, in the county of

Hillsborough, and state of New Hampshire, widow of the late James P. Boyd, hereby accept the provisions made for me by the said James P. Boyd, in his last will and testament, upon condition that the executors named in said will, pay me ten thousand dollars within two months, in addition to all the provisions made for me by the terms of the said will. June 22, 1888. Eveline P. Boyd." The residuary legatees relinquished their interest in the sum of ten thousand dollars in the estate, and authorized its payment, on condition that she should not waive the provisions of the will. The money was paid to her on that condition, and the payment was reported to and approved by the probate court. In June, 1882, Mrs. Boyd died testate, and her will was duly probated in New Hampshire, and in Clinton county, in this state. It disposed of articles of personal property, and various sums of money, and gave all the remainder of the estate to four beneficiaries named. No reference was made in the will to real estate. In the year 1888, the plaintiff, Isaac Baldwin, obtained from the residuary legatees of Mrs. Boyd, quitclaim deeds for their interests in the lot in controversy, and in numerous other lots, in Clinton and its additions. The consideration recited in each deed was the sum of one dollar. The alleged title of the defendant, Hill, was derived from James Boyd as follows: His will provided for two executors and three trustees, and empowered and directed the trustees to sell and convey any, or all of his estate, when they should deem it best to do so, and to change the investment from time to time, as they should think advisable. In October, 1881, the trustees conveyed the lot in question, with other realty in Clinton, to the intervener, Ryder. He afterwards conveyed it to one Wilson, and he conveyed it to the defendant, Hill. Thus, both Baldwin and Hill claim title from

James Boyd; Baldwin insisting that Mrs. Boyd acquired from her husband, title to an undivided one-third of his real property in this state, in addition to the property given her by the will, and the ten thousand dollars given her by the executors, while Ryder and Hill claim that the interest of Mrs. Boyd in the real property, in this state, was relinquished and terminated by the agreement she entered into with the executors, and the payment made by them.

The will of Boyd did not show that the provisions therein made for his wife were not in lieu of the rights which she had in his estate. Therefore, under the statutes of New Hampshire, which we have set out, the provisions made for her benefit were in lieu of all her rights in the estate, so far as the law of New Hampshire was effective. But it is contended by the appellants, and for the purposes of this case it may be conceded, that the law of this state governed the will of Boyd so far as it related to realty within this state. It is the rule in this state that a widow may take under the will of her deceased husband, and also retain her right of dower, unless to do so would be inconsistent with and defeat some provision of the will. *Howard v. Watson,* 76 Iowa, 229 (41 N. W. Rep. 45). The provisions of the will of Boyd in favor of his widow, did not purport to be in lieu of dower, and there was nothing in the will which, under the laws of this state, was inconsistent with her right to take under the will and also to take dower in the estate. Section 2452, of the Code, provides that the widow's share cannot be affected by any will of her husband, unless she consent thereto, and the consent is entered in the proper probate record. If the instrument which Mrs. Boyd executed, be given the effect of a consent to take under the will, it would not affect her right to dower in realty situated in this state, under the concessions

we have made for the purposes of this case, because
there was nothing in the will inconsistent with her
right to do so.

We are next led to inquire what effect the agree-
ment she entered into and the payment made to her had
upon her right to dower in realty within this state.

The evidence shows clearly that the intent of
the widow in the transaction was to accept the
ten thousand dollars paid, and the benefits
expressly conferred by the will, in lieu of her distrib-
utive share in the estate of her deceased husband. She
stated, repeatedly, that such was the case; and,
although she had knowledge of the real estate in
Clinton, she never made any claim to it after the
money was paid to her according to the agreement,
although she knew that it was to be sold. Her will
does not contain any intimation that she had or
claimed an interest in realty. The settlement she
made was in the nature of a sale of her interest in the
estate exclusive of the benefits conferred by the will,
in consideration of the money paid to her. It is true
that it was nominally made with the executors of the
estate, and that it was approved by the court; but
that did not affect the real nature of the transaction.
The same result could have been reached by an arrange-
ment with the residuary legatees alone. The will did
not authorize the payment made, and it is not shown
that the court had any authority to approve it, unless
by giving it the effect of a payment to the residuary
legatees. That was permissible, because they author-
ized the payment, and it was for their benefit. There-
fore the written authority to make the payment which
they gave was properly treated by the court as a
voucher for money paid on their order, to apply on
their shares. The effect of the agreement and pay-
ment was to vest in the estate, for the benefit of the

devisees and legatees other than the widow, all right
to the realty in this state, as well as to other property
which she might otherwise have claimed. That such
was her intent, and the intent of the executors and
residuary legatees, cannot, under the evidence, be
doubted. It was not necessary that she execute
formal conveyances of her interest in the real estate.
*Dunlap v. Thomas*, 69 Iowa, 358 (28 N. W. Rep. 637);
*Richart v. Richart*, 30 Iowa, 465. The making of the
agreement and the payment of the money was effect-
ual to divest her title, and the trustees had authority
to convey the property.

But it is said that parol evidence to show the
intent of the parties to the agreement cannot be
received, because the agreement is in writing, and free
from ambiguity, and that it does not show that any
right or interest is thereby transferred by the widow,
but shows that the will is to continue in force.
The writing is sufficiently explicit in describing
the benefits which are to inure to the widow by
virtue of the settlement, but it does not purport to
contain the whole agreement. It does not show who
are the parties to it, and does not express the consid-
eration which induced the unnamed parties to join in
it. We are of the opinion that it was competent to
supply these omissions by oral evidence. The writing
signed by the widow was not a mere election to take
under the will, but part of an agreement, a portion of
which was not in writing, and which may be fully
shown. The plaintiff had knowledge of the writing
before he obtained the deeds under which he claims,
and the deeds merely purported to convey the interest
which the grantors had in the property described. As
they had no interest to convey, none was acquired
by their grantee. The conclusions we have stated
make it unnecessary to consider numerous questions

discussed in argument. The decree of the district
court appears to be fully sustained by the record, and is
AFFIRMED.