J. L. CAMERON, Appellant, v. JAMES TUCKER, *et al.*, and a Certain Place in Winneshiek County.

**Injunction:** INTOXICATING LIQUORS: *Parties.* The granting of an injunction against the sale of intoxicating liquors will not prevent the granting of a subsequent injunction against the sale of 2  intoxicating liquors by the sureties on the bond of the person enjoined in the prior action, where the first injunction was not directed against said bondsmen.

COLLUSION.    An injunction to restrain the sale of intoxicating liquors 1  will not be refused on the ground that an injunction against such sale has previously been obtained by another person, where the prior injunction was fraudulently obtained for the purpose of shielding the liquor seller.

*Appeal from Winneshiek District Court.*—HON. L. E. FELLOWS, Judge.

SATURDAY, DECEMBER 18, 1897.

PLAINTIFF, a citizen and resident of Winneshiek county, Iowa, brings this action to enjoin the defendants from maintaining a certain place in said county described, for the sale and keeping for sale of intoxicating liquors.    He alleges that defendant James Tucker is, and has been for some time, the owner of said premises, and that he is, and has been for some time, keeping for sale and selling therein intoxicating liquors in violation of law; that said defendant, with the defendants Lewis F. Nelson and Peter Holland as his sureties, has filed with the county auditor a bond as provided by

paragraph 2, section 17, chapter 62, Laws Twenty-fifth
General Assembly; that defendant Tucker has failed
and neglected to comply with the conditions of said
chapter 62 in this respect; that he has not now on file
with the county auditor a written statement of con-
sent of the resident freeholders, as required; that said
business of selling intoxicating liquors is not carried on
in a single room, as required; that said place is open,
and sales are made therein, later than 10 o'clock P. M.
on Sundays; and that he has not filed with the county
auditor a written statement of consent, signed by sixty-
five per cent. of the legal voters of said county. Plain-
tiff prays that the defendants and all other persons
may be enjoined from maintaining said nuisance.
Defendants answered, denying all the allegations of
the petition except that defendant Tucker is the owner
of said premises. They allege that he has been com-
plying strictly with all the requirements of said chapter
62. Further answering, they say "that the plaintiff
cannot have and maintain this action, for the reason
that heretofore, to-wit: on or about October 1, 1895,
a perpetual injunction was granted by the district court
of Winneshiek county, Iowa, against the defendant
Tucker and the property described in the petition, and
that said injunction is still in full force and effect.
Plaintiff, in reply, admits that said injunction was
granted, and alleges as follows: "Par. 3. That the
plaintiff in said injunction cause is a pronounced enemy
to the enforcement of the prohibitory law, and a friend
to the saloon and liquor interests of the community
where defendant resides. Par. 4. That the plaintiff's
attorney in said injunction case was, and still is, a bitter
and outspoken enemy of the Iowa prohibitory laws, and
averse to its enforcement, and that said injunction was
not brought by plaintiff or any of the parties therein in
good faith. Par. 5. That said above-named injunction
cause was brought with a fraudulent intent and purpose

of shielding defendants and the property in question from *bona fide* suits commenced by law-abiding citizens of this community to abate the liquor nuisance now maintained on said premises, and to protect them and the said premises from the costs and damages which would result from any and all *bona fide* prosecution. Par. 6. That said preceding injunction is the result of an understanding and conspiracy of said parties, and all of them, both plaintiff, defendants, and their attorneys, for the fraudulent purpose of defeating the enforcement of the prohibitory law of the state of Iowa against said defendants and the premises aforesaid, and for the purpose of holding a shield above said defendants; and that the same was procured by collusion and fraud; and that the same is held fraudulently as a shield to protect said defendants and said property from the penalties that they would otherwise be subject to under the prohibitory law of Iowa." Defendants moved to dismiss the action, for the reason that the pleadings show that said injunction is still in full force and effect. This motion was sustained, and judgment rendered accordingly, from which judgment the plaintiff appeals. —*Reversed.*

*A. L. Himle* and *J. J. Cameron* for appellant.

*Dan Shea* and *H. F. Barthell* for appellees.

GIVEN, J.—The motion is in the nature of a demurrer to the allegations of plaintiff's petition and reply, and, for the purpose of the motion, we must take said allegations, in so far as they are well pleaded, to be true; in other words, if the plaintiff's pleadings show him entitled to the relief asked, the motion should not be sustained, even though those allegation are denied. On the face of the pleadings, we have this state of facts: The defendant Tucker is maintaining the place described for the sale and keep-

ing for sale of intoxicating liquors, but whether or not lawfully depends upon whether he has failed to comply with said chapter 62, Acts Twenty-fifth General 'Assembly, in the respects alleged in the petition. If this issue should be found with the defendants, then they are not open to injunction; but, if otherwise, they may or may not be, according as effect is given to the injunction of October 1, 1895. The contention presented in argument is whether, because of said matters alleged in the reply, we should hold that said injunction is not a bar to granting another injunction, as prayed by the plaintiff. In *Dickinson v. Eichorn*, 78 Iowa, 710, a case like this, it was held that a second injunction would not be granted when there was one in full force. It is said in that case: "The question for determination is, can this second action be maintained, and another decree entered for precisely the same thing,—that is, for enjoining and abating the same nuisance which is already enjoined and ordered to be abated? It is to be observed that it is conceded that the former decree is in full force, and no reason is stated anywhere in the record, nor even suggested in argument, why it has not been enforced. If a showing were made that the decree was obtained by collusion with the defendant, for the purpose of allowing it to remain without enforcement, and the same is therefore a fraud upon the court, and intended as an evasion of the law, there might be some ground for maintaining this action; but we need not determine that question, because it is not presented in this record." It is further stated: "But it is apparent that in this class of actions one valid injunction is as effective as a thousand would be.   *   *   *   The plaintiff, as a citizen of the county, stands for and represents the public."

Defendant Tucker is maintaining a place for the sale and keeping for sale of intoxicating liquors, and, if the allegations of the petition be true, he is doing so in

violation of the law. If the allegations of the reply are
true, it is manifest that the obtaining of the injunction
upon which defendant's rely for protection was by
fraud upon the court that granted it, and upon the pub-
lic, and that it is not in fact effective in protecting the
public against the alleged nuisance. Where such are
the facts, surely, the public should not be deprived of the
protection the law contemplates, nor violators of the
law be permitted to shield themselves by such
frauds. Lewis F. Nelson and Peter Holland are
defendants in this action, because of their being
sureties for defendant Tucker on said bond, and, as we
understand the record, join in the answer and motion.
They are not parties to the injunction granted October
1, 1895, but are sought to be enjoined in this action,
together with the defendant Tucker. In *Carter v.
Steyer*, 93 Iowa, 533, it was held that an injunction
restraining the defendant from keeping intoxicating
liquors for sale on certain premises, and within
the judicial district, did not bar a suit to enjoin the
maintenance by him of a similar nuisance in the same
disrict,—but on other premises owned by his co-defend-
ant, against whom no injunction is in force. Applying
this rule, plaintiff is entitled to an injunction against
the defendants Nelson and Holland. Therefore the
motion should have been overruled. We are of the
opinion, however, that, because of said matters set up
in the reply, the injunction of 1895 is not a bar to plain-
tiff's right, upon establishing said facts, to have a per-
petual injunction in this action against all the defend-
ants. It follows from this conclusion that the judgment
of the district court must be REVERSED.